# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK GENE BOWMAN, <br><br> Petitioner, <br><br> vs. <br><br><br> JAMES E. TILTON, Secretary, <br><br> Respondent.[1] | Civil No. 03cv2224-BTM (BLM) <br><br> **ORDER:** <br><br> **(1) ADOPTING THE FINDINGS AND CONCLUSIONS OF UNITED STATES MAGISTRATE JUDGE;** <br><br> **(2) OVERRULING PETITIONER'S OBJECTIONS;** <br><br> **(3) DENYING PETITION FOR WRIT OF HABEAS CORPUS; AND** <br><br> **(4) ISSUING A CERTIFICATE OF APPEALABILITY** |

Petitioner is a state prisoner proceeding by and through appointed counsel with a First Amended Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 6.) Presently before the Court is a Report and Recommendation ("R&R") submitted by United States Magistrate Judge Barbara L. Major, which recommends denying the Petition. (Doc. No. 65.) Petitioner has filed Objections to the R&R. (Doc. No. 69.)

The Court has reviewed the R&R and the objections thereto pursuant to 28 U.S.C. § 636(b)(1), which provides that: "A judge of the court shall make a de novo determination of

---

[1] The Court sua sponte substitutes James E. Tilton, the Secretary of the California Department of Corrections and Rehabilitation ("CDCR"), as Respondent in place of former Respondent, Richard A. Rimmer, the former Director of the CDCR's predecessor entity.

those portions of the report or specified proposed findings or recommendations to which objection is made.  A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).  For the following reasons, the Court adopts the findings and conclusions of the Magistrate Judge as set forth in this Order, overrules Petitioner's objections, denies habeas relief, and issues a Certificate of Appealability as to all claims presented.

Petitioner was convicted of fourteen counts of unlawfully driving or taking a vehicle, thirteen counts of tampering with vehicle identification numbers, one count of receiving stolen property, one count of conspiracy to unlawfully drive or take a vehicle, one count of owning and operating a chop shop, and one count of possession of a firearm by a felon. (R&R at 8.)  The jury also found that Petitioner was armed in the commission of the conspiracy and in the operation of a chop shop.  (Id.)  In a bifurcated proceeding, the trial judge found that Petitioner had suffered fourteen prior serious or violent felony convictions which constituted "strikes" under California's Three Strikes law.  (Id.)  Petitioner was sentenced to 402 years to life, consisting of consecutive terms of twenty-five years to life on each of the fourteen counts of unlawful driving or taking a vehicle, consecutive to twenty-five years to life terms for possession of a firearm by a felon and for receiving stolen property, plus two one-year firearm use enhancements. (Lodgment No. 2, Reporter's Tr. ["RT"] at 38-39; Lodgment No. 1, Clerk's Tr. ["CT"] at 171-74.)  Sentences on the remaining counts were stayed.  On appeal, the state court reversed four of the convictions for driving or taking a vehicle because there was no evidence that Petitioner was a member of the conspiracy prior to August 1996, when those offenses occurred, and reduced his sentence to 302 years to life. (R&R at 9.)

## I.     Sufficiency of the Evidence

The Magistrate Judge found that the adjudication of Petitioner's sufficiency of the evidence claims by the state court (on the basis that sufficient evidence existed to support the convictions), was neither contrary to, nor involve an unreasonable application of, clearly established federal law as set forth in Jackson v. Virginia, 443 U.S. 307, 319 (1979), as that standard is applied under the Anti-terrorism and Effective Death Penalty Act of 1996

("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, as set forth in Juan H. v. Allen, 408 F.3d 1262, 1274 (9th Cir. 2005). (R&R at 13-41.) Petitioner contends that the earliest he could have been found to have entered the conspiracy was when the first overt act alleged by the prosecution took place, because that overt act marks the duration and scope of the conspiracy, and that he should not be vicariously liable for acts which took place prior to the first overt act alleged by the prosecution. (Pet.'s Obj. at 9-11.) The jury returned verdicts finding that all three of the overt acts alleged by the prosecution had taken place. (CT 299.) The jury was instructed that:

> Each member of a criminal conspiracy is liable for each act and bound by each declaration of every other member of the conspiracy if that act or that declaration is found by you as the fact-finders to be in furtherance of the object of the conspiracy. The act of one conspirator pursuant to or in furtherance of the common design of the conspiracy is the act of all the conspirators. [¶] . . . A member of a conspiracy is not only guilty of the particular crime that to his knowledge his co-conspirators or his confederates agree to and did commit -- in this case that's alleged to be the crime of unlawfully taking or driving a vehicle -- members of the conspiracy are not only guilty of that particular crime but also liable for the natural and probable consequences of any crime committed by or act performed by a co-conspirator to further the object of the conspiracy, even though that crime or that act was not intended as part of the agreed upon conspiracy, and even though that particular co-conspirator may not have been present at the commission of that crime or that act.

(RT 1207-08.)

The R&R correctly found that it was not objectively unreasonable for the state court to uphold the jury's finding that Petitioner was vicariously liable for the acts taken by his co-conspirators once he joined the conspiracy. See e.g. United States v. Long, 301 F.3d 1095, 1103 (9th Cir. 2002) (holding that a conspirator is "criminally liable for the substantive offenses committed by a co-conspirator when they are reasonably foreseeable and committed in furtherance of the conspiracy."), citing Pinkerton v. United States, 328 U.S. 640, 645-48 (1946). The state court correctly reversed those convictions based on acts which took place prior to Petitioner joining the conspiracy.[2]

---

[2] The R&R found the issue regarding whether Petitioner could be held vicariously liable of offenses occurring prior to the overt act pled by the prosecution to present only a state law claim. (R&R at 32.) This claim is cognizable under Jackson, which requires the Court to analyze such claims "with explicit reference to the substantive elements of the criminal offense as defined by state law." Jackson, 443 U.S. at 324 n.16 (emphasis added). However, the R&R correctly concluded that, assuming this

As set forth in the R&R, it was not objectively unreasonable for the state court to find sufficient evidence for a jury to find beyond a reasonable doubt that Petitioner entered the conspiracy prior to the commission of the first overt act pled by the government. Petitioner presents a cogent argument with respect to this and the other aspects of his sufficiency of the evidence claims, which counsels in favor of issuing a Certificate of Appealability on these claims. However, the Court cannot find that it was objectively unreasonable for the state court to reject Petitioner's sufficiency of the evidence claims, particularly in light of the additional layer of deference which this Court is required to give to the state court's decision under AEDPA. See Juan H., 408 F.3d at 1275 ("After AEDPA, we apply the standards of *Jackson* with an additional layer of deference."). Accordingly, the Court **ADOPTS** the findings and conclusions of the Magistrate Judge, **OVERRULES** Petitioner's objections, **DENIES** habeas relief, and **ISSUES** a Certificate of Appealability as to the sufficiency of the evidence claims.

**II.   Due Process**

The Court **ADOPTS** in full the findings and conclusions of the Magistrate Judge regarding Petitioner's due process claims (R&R at 41-45), **OVERRULES** Petitioner's objections, and **DENIES** habeas relief. As with the sufficiency of the evidence claims, the Court is unable to find the state court's adjudication of these claims was contrary to, or involved an unreasonable application of, clearly established federal law. However, the Court **ISSUES** a Certificate of Appealability as to the due process claims.

**III.   Sentencing Claims**

With respect to the sentencing claims alleging that California law prohibits separate sentences for each individual taking of a vehicle charge and the possession of a firearm charge (count six), and alleging that the trial judge abused his discretion in ordering the sentences to run consecutively (claim seven), the Court **ADOPTS** the finding of the Magistrate Judge that these

---

claim stated a federal question, the state court's finding was neither contrary to nor involved an unreasonable application of clearly established federal law, and the Court adopts that finding.

allegations do not present claims cognizable on federal habeas.[3]  (R&R at 48-50.)

As to Petitioner's Eighth Amendment cruel and unusual claim based on the length of the sentence, the Court is cognizant that a sentence of 302 years to life is harsh, particularly for property crimes.  In fact, the state appellate court recognized that the sentence imposed is the functional equivalent of life without the possibility of parole.  Because Petitioner is required to serve 85% of the sentence under the Three Strikes law before becoming eligible for parole, even if the trial court had ordered the twenty-five years to life sentences on the numerous driving/taking a vehicle counts to run concurrent, Petitioner would still have been subject to two additional, separate offenses for which twenty-five years to life terms were imposed, possession of a firearm by a felon and receipt of stolen property.  Three consecutive twenty-five years to life sentences would also realistically be a life sentence without parole for the Petitioner here, who was 41 years old at the time of sentencing.

The appellate court rejected Petitioner's Eighth Amendment challenge, stating that it was Petitioner's recidivist behavior, which showed an "appalling disregard for the human dignity and humanity" of his victims and included five armed robberies, two kidnappings, three rapes by force or fear, and other forcible sex crimes and armed offenses, which was the basis for his sentence, and not his current convictions. (Lodgment No. 1, People v. Bowman, No. D028567, slip op. at 34-37.)  The state court also recognized that the United States Supreme Court has stated that, outside the context of capital punishment, successful challenges to "grossly disproportionate" sentences under the Eighth Amendment's proportionality review are "exceedingly rare." Harmelin v. Michigan, 501 U.S. 957, 1000-01 (1991).  When viewed under the deferential standard of AEDPA, the state court's adjudication of this claim, on the basis that the sentence was not excessively severe so as to violate the Eighth Amendment, is not objectively unreasonable.  The Court **ADOPTS** in full the findings and conclusions of the Magistrate Judge, **OVERRULES** Petitioner's Objections, and **DENIES** habeas relief.  As with

---

[3] It is therefore unnecessary to address the findings in the R&R that these claims were not exhausted. Acosta-Huerta v. Estelle, 7 F.3d 139, 142 (9th Cir. 1982) (finding that the exhaustion requirement is inapplicable as to claims which "clearly do not rise to the level of alleged deprivations of constitutional rights.")

all the cognizable claims presented in the First Amended Petition, the Court **ISSUES** a Certificate of Appealability as to these claims.

/ / /

/ / /

## IV. Conclusion and Order

The Court **ADOPTS** the findings and conclusions of the Magistrate Judge as set forth in this Order and **OVERRULES** Petitioner's objections. The Court **DENIES** the Petition for Writ of Habeas Corpus. The Court **ISSUES** a Certificate of Appealability as to all cognizable federal claims presented in the First Amended Petition. See Lambright v. Stewart, 220 F.3d 1022, 1024-25 (9th Cir. 2000) (providing that threshold "substantial showing of the denial of a constitutional right," is met by demonstrating that: (1) the issues are debatable among jurists of reason; or (2) that a court could resolve the issues in a different manner; or (3) that the questions are adequate to deserve encouragement to proceed further).

The Clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: January 16, 2008

_____
Honorable Barry Ted Moskowitz
United States District Judge